IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHUCK WILLIAMS, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | No. 3:13-cv-2880-M-BN | |
| § | | |
| GARLAND POLICE DEPARTMENT, § | | |
| ET AL., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and an order of reference from the District Court. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Chuck Williams, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983, alleging that the Garland Police Department and Officers D. Scruggs and J.L. Chittamai are responsible for falsely arresting him and selectively prosecuting him for the misdemeanor offense of possession of marijuana. On July 23, 2013, Plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. *See* Dkt. Nos. 1 & 2. Because the information provided by Plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the Court granted leave to proceed *in forma pauperis* and allowed the complaint to be

-1-

filed. *See* Dkt. No. 5. The Court then sent written interrogatories to Plaintiff in order to obtain additional information about the factual basis of this suit. *See* Dkt. No. 6. Plaintiff answered the interrogatories on August 23, 2013. *See* Dkt. No. 7.

In his complaint and interrogatory responses, Plaintiff accuses Officers D. Scruggs and J.L. Chittamai of arresting him and falsely accusing him of possessing marijuana on July 15, 2011. *See* Dkt. No. 1 at 4; Dkt. No. 7 at Questions 1, 5, & 6. Plaintiff claims that he did not possess the marijuana in question. *See id.* Instead, according to Plaintiff, the substance belonged to K.H., the complainant in the aggravated assault cause for which he was arrested at the same time. *See id.* K.H. was not arrested or prosecuted for any offense. Plaintiff pled guilty to aggravated assault with a deadly weapon on December 12, 2012 and was sentenced to two years imprisonment. *See* Dkt. No. 7 at Question 7. The aggravated assault and marijuana offenses were also used to revoke his Texas parole. *See id.* The misdemeanor marijuana charge was dismissed based on the prosecutor's motion on March 1, 2013. *See id.* at Question 8. By this lawsuit, Plaintiff seeks $80,000 in damages. *See* Dkt. No. 1 at 4; Dkt. No. 7 at Question 2.

The undersigned now concludes that Plaintiff's claims should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**Legal Standards**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (i)    is frivolous or malicious;

  (ii)  fails to state a claim on which relief may be granted; or

  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to" Plaintiff. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

  While, under Fed. R. Civ. P. 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiff must allege more than labels and conclusions, and, while a court must accept all of Plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a

cause of action, supported by mere conclusory statements, will not suffice. *See id.*

## Analysis

Any claims against the Garland Police Department should be summarily dismissed. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes,* No. 3:07-cv-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). The Garland Police Department is not a legal entity capable of being sued. *See Clayton v. Garland Police Dep't,* No. 3:09-cv-2048-D, 2010 WL 2640258, at *1 (N.D. Tex. May 11, 2010), *rec. adopted,* 2010 WL 2605258 (N.D. Tex. June 28, 2010) (finding that Garland Police Department is not a legal entity capable of being sued); *see also Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991) (Texas county sheriffs and police departments are generally not legal entities capable of being sued).

Plaintiff's claims against Officers Scruggs and Chittaimai should also be dismissed pursuant to 28 U.S.C. § 1915(e)(2). All of these allegations are based on Plaintiff's belief that he was arrested for possession of marijuana without probable cause and that the officers violated his equal protection rights when they did not arrest K.H. *See* Dkt. No. 7 at Questions 5-6. Even if the Court assumes – construing Plaintiff's allegations liberally – that no probable cause existed for his drug possession arrest, his Fourth Amendment claim ultimately fails. Plaintiff's allegations indicate that he was accused of possession of marijuana in case number M1127981 by some charging instrument, requiring an independent finding of probable cause, between the time of his July 2011 arrest and the dismissal of misdemeanor charges on March 1,

2013. *See* Dkt. No. 7 at Questions 7-8. Indeed, publicly-available records from the Dallas County Clerk in that misdemeanor case show that a neutral magistrate judge considered the criminal charges and returned an arrest warrant against Plaintiff for possession of under two ounces of marijuana on July 17, 2011. Precedent clearly establishes that, "if facts supporting an arrest are placed before an independent intermediary such as a magistrate or grand jury, the intermediary's decision breaks the chain of causation for false arrest, insulating the initiating party." *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994), *overruled on other grounds by Castellano v. Fragozo,* 352 F.3d 939, 949 (5th Cir. 2003) (en banc); *see also Deville v. Marcantel*, 567 F.3d 156, 170 (5th Cir. 2009). This principle also holds true for a claim of false imprisonment. *See Muhammad v. Newell*, No. 3:08-cv-1426-BD, 2009 WL 2482142, at *2 (N.D. Tex. Aug. 12, 2009). This claim should be summarily dismissed.

Neither has Plaintiff stated a claim for selective prosecution in violation of his right to equal protection. The Equal Protection Clause requires similar treatment of all persons similarly situated. *See City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985). To successfully bring a selective prosecution or enforcement claim, a plaintiff must prove that the government official's acts were motivated by improper considerations, such as race, religion, or the desire to prevent the exercise of a constitutional right. *See Beeler v. Rounsavall,* 328 F.3d 813, 817 (5th Cir. 2003) (finding no denial of equal protection where the plaintiff failed to allege that the state action was motivated by impermissible considerations); *Bryan v. City of Madison, Miss.,* 213 F.3d 267, 277 (5th Cir. 2000) (same). It is not enough to claim that someone

equally guilty of a crime should have been prosecuted. *See Parude v. City of Natchez,* 72 F. App'x 102, 105 (5th Cir. 2003) (quoting *Esmail v. Macrane,* 53 F.3d 176, 178-79 (7th Cir. 1995)) (selective prosecution claim alleging that people who are equally guilty of crimes or other violations receive unequal treatment – with some being punished and others getting off scot-free – "has no standing in equal protection law"). Here, Plaintiff does not allege that the difference in treatment was improperly motivated. Accordingly, his equal protection claim must fail.

To the extent that he seeks a remedy under Section 1983 for the officers' failure to prosecute K.H., he has not stated a claim for relief. *See Oliver v. Collins,* 914 F.2d 56, 60 (5th Cir. 1990) (there is no constitutional right to have someone criminally prosecuted).

## Recommendation

The Court should summarily dismiss Plaintiff's lawsuit with prejudice pursuant to 28 U.S.C. § 1915(e)(2).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 27, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE